## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Raymond Masters,**
**Petitioner Below, Petitioner**

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 11-1611** (Hancock County 09-P-3)

**Marvin Plumley, Warden,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Raymond Masters, by counsel, Michael W. Lucas, appeals the circuit court's order entered October 19, 2011, denying his petition for writ of habeas corpus. Warden Plumley[1] of Huttonsville Correctional Center, by counsel, filed a response in support of the circuit court's order. Petitioner's counsel filed this appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967).

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner entered a guilty plea on July 8, 2004, in the Circuit Court of Hancock County, for second degree sexual abuse, wherein the State agreed to not oppose his motion for alternative sentencing under Rule 35 of the West Virginia Rules of Criminal Procedure. The circuit court advised petitioner when accepting his plea agreement that the court was not obligated to grant his Rule 35 motion. Petitioner was sentenced to ten to twenty-five years of incarceration. On September 22, 2006, petitioner appeared before the circuit court for a hearing on the Rule 35 motion and the motion was denied. On February 6, 2009, petitioner filed a petition for writ of habeas corpus on two grounds: ineffective assistance of counsel and violation of due process rights. The circuit court denied his petition because the petitioner was given notice that his Rule 35 request may not be granted. Petitioner now appeals the denial of his habeas corpus petition below.

On appeal, petitioner first argues his guilty plea was involuntary because he lacked sufficient awareness of the relevant circumstances and consequences. Specifically, he alleges that his trial counsel assured him that the motion for reduced or alternative sentence would be granted

---

[1] Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, we have replaced the respondent party's name with Warden Marvin Plumley. The initial respondent on appeal, Adrian Hoke, is no longer the warden of Huttonsville Correctional Center.

1

if it was not opposed by the State. The State responds that petitioner was adequately informed that the motion may not be granted. Second, petitioner argues that his counsel was ineffective because he did not find through investigation that, as petitioner alleges, Judge Recht rarely grants Rule 35 motions. Petitioner argues that he was harmed by his ineffective counsel because he forewent the right to confront witnesses, challenge evidence, and force the State to meet its burden of proof based on the plea agreement. The State responds that in determining effectiveness of counsel, this Court "will not view counsel's conduct through the lens of hindsight . . . ." *State v. Legursky*, 195 W. Va. 314, 320, 465 S.E.2d 416, 422 (1995). Further, the State argues petitioner's counsel acted reasonably under the circumstances and there was no showing that counsel could have gathered statistical data about how the circuit court addresses Rule 35 motions.

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

The Court has carefully considered the merits of each of petitioner's arguments as set forth in his petition for appeal. The circuit court did not abuse its discretion in denying petitioner's habeas corpus petition, because the circuit court informed petitioner that it may deny his Rule 35 motion when the circuit court adopted the plea bargain.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: April 16, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II